4 F.3d 982
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jorge L. LaBRADA, Defendant, Appellant.
 No. 92-2248.
 United States Court of Appeals,
First Circuit.
 September 3, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 J. Hilary Billings for appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with whom Richard S. Cohen, United States Attorney, and Timothy Wing, Assistant United States Attorney, were on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Oakes,* Circuit Judge.
 Per Curiam.
 
 
 1
 Jorge Labrada was charged in count I of a six-count indictment of conspiring with Rudolfo and Augustine Benito to possess cocaine with intent to distribute. 21 U.S.C. Secs. 841(a)(1), 846. The other five counts charged specific acts of distribution by one or more of the three. Id. Sec. 841(a)(1). Labrada was named in two counts, one charging the sale of one ounce of cocaine on June 5, 1991, and the other the sale of about 900 grams on July 15, 1991. Labrada pled guilty to the June 5 count and the other counts were dismissed at the government's behest.
 
 
 2
 After an extensive sentencing hearing, the district court found that Labrada was part of an ongoing conspiracy and that he had engaged in a common course of conduct that made him responsible inter alia for both the June 5 sale and for the July 15 sale. These amounts together placed Labrada well over the half kilogram figure corresponding to level 26 under the Sentencing Guidelines. U.S.S.G. Secs. 2D1.1(a)(3), (c)(9)(1991). With a two level reduction for acceptance of responsibility, this fixed the sentencing range at 63 to 78 months (in view of Labrada's category III criminal history). The district court in October 1991 sentenced Labrada to 65 months in prison and six years of supervised release.
 
 
 3
 Labrada has now appealed his sentence, but given the guidelines and our precedents there is almost nothing to his arguments. Under U.S.S.G. Sec. 1B1.3(a)(2)(1991), as it stood at the time Labrada was sentenced on October 9, 1992, a defendant convicted of drug distribution is also liable for uncharged acts of distribution that were "part of the same course of conduct or common scheme or plan" as the charged act of distribution. This liability is subject to the caveat that any conduct of others attributed to the defendant as part of a conspiracy-"whether or not charged as a conspiracy"-be "reasonably foreseeable" by the defendant. U.S.S.G. Sec. 1B1.3, application note 1 (1991). (Thereafter, the guideline was amended to state the foreseeability test in the text of the guideline, see U.S.S.G. Sec. 1B1.3(a)(1)(B) (1992), but this is merely a clarification.)
 
 
 4
 On appeal, Labrada does not argue that the July 15 transaction was not reasonably foreseeable. Rather, he argues strenuously that he did not participate in the July 15 sale, was convicted only of the June 5 sale, and therefore cannot be held liable for the July 15 sale. However, the guidelines just cited provide that he can be held liable at sentencing for other foreseeable transactions that are part of the same conspiracy as the one for which he was convicted, and our cases so hold. See United States v. Garcia, 954 F.2d 12, 15 (1st Cir. 1992); United States v. Sklar, 920 F.2d 107, 111 (1st Cir. 1990). Although Labrada's brief says in passing that this is not constitutional, no supporting argument is offered.
 
 
 5
 Labrada cites us to United States v. Wood, 924 F.2d 399 (1st Cir. 1991), but that case acknowledged the rules of sentencing liability that we have just described (although it found that one of the third-party transactions attributed to Wood had not been shown to be part of the same conspiracy). The case law in this circuit is sufficiently clear that we have no reason to discuss cases from other circuits cited to us by Labrada. Ultimately, we think this appeal is premised on the belief that, at least prior to the November 1992 version of the guidelines, a defendant convicted of one act of drug distribution could not be sentenced on the basis of other acts of distribution that were part of the same uncharged conspiracy. The belief is mistaken.[1]
 
 
 6
 Because the factual findings of the district court are not assigned as error on the appeal, it is unnecessary to discuss the evidence. However, out of an abundance of caution, we have reviewed the extensive factual recitations provided as background in both Labrada's brief and that of the government. Whether or not Labrada is viewed as having participated in the July 15 transaction-he was present but his role is disputed-we think that the district court reasonably concluded that Labrada was engaged with the Benitos in an extensive ongoing drug distribution conspiracy and that the July 15 transaction was an integral part of that scheme.
 
 
 7
 Affirmed.
 
 
 
 *
 Of the Second Circuit, sitting by designation
 
 
 [1]
 Contrary to Labrada's brief, U.S.S.G. Sec. 1B1.3(a)(2)(1991), quoted above, does not require that the uncharged acts that were part of the same conspiracy have occurred during the offense of conviction; rather it requires that the attributed acts and the offense of conviction be part of the same conspiracy. Id